DECISION AND JUDGMENT ENTRY
This is a delayed appeal from a December 17, 1998 judgment of the Lucas County Court of Common Pleas in which the court ruled that appellant is a sexual predator, following a hearing held pursuant to R.C. 2950.09(A), and sentenced him to serve five years in prison. The trial court previously accepted anAlford guilty plea from appellant and made a finding that he was guilty of rape, a violation of R.C. 2907.02(A)(1). Appellant has presented one assignment of error for consideration on appeal that reads:
 "The Trial Court's Determination That Defendant-Appellant is a Sexual Predator is not Supported by Clear and Convincing Evidence."
In support of his sole assignment of error, appellant says that he was entitled to a continuance on his hearing regarding what classification of sex offender should be assigned to him. He says after he entered his Alford guilty plea, he asked the trial court for an evaluation from the Court Diagnostic and Treatment Center so that he would have evidence to present at a hearing on what classification should be assigned to him. He says that the Court Diagnostic and Treatment Center did not prepare the report he asked for, and he was left without any evidence to present to show the trial court that he should be assigned a lesser classification than sexual predator.
The state concedes that appellant was entitled to the psychological evaluation and report to assist him in presenting his case to the trial court at the hearing held pursuant to R.C.2950.09(A). The state says: "Under the provisions of R.C.2950.01, et seq., the State hereby requests that the matter be remand [sic] to the Lucas County Common Pleas Court so that a proper hearing can be held to determine the status of the Appellant under the `Megan Law' as required."
The record shows that appellant did ask the trial court to send him to the Court Diagnostic and Treatment Center for a psychological evaluation and report to assist him at the R.C.2950.09(A) hearing. The record also shows that because the procedure for assigning classifications was new, the correct referral was not made. Appellant's counsel explained the problem to the trial court at the outset of the R.C. 2950.09(A) hearing:
 "Your Honor, I have had discussions with the prosecutor. I've looked at the report that was sent over from Court Diagnostic that we requested. I have also had discussions with the doctor who did some of the interpretations of the test results from a few tests that Mr. Rocha took. It was my understanding that the nature of the report was a sentencing report and, unfortunately, not a report to have a recommendation for a classification for Mr. Rocha.
 "Due to that fact, the doctor told me he'd never met my client, could not testify for us and could not give a recommendation without meeting my client and doing that type of report. I also had talked to him about the person who did meet with my client was a social worker, and it's my understanding that the social workers are not basically allowed by law, I don't think, to give the recommendation. He said, therefore, the only way to get a recommendation out of their office at this time would be for us to ask for a Senate Bill 180 sexual predator classification report. I believe that's what it's called.
"THE COURT: Yes.
 "MS. TBEILEH: Given the fact I think that information would be, obviously, important to Mr. Rocha, I'm requesting that we get that report at this time.
 "THE COURT: Can you delineate any specifics how that would be helpful to you?
 "MS. TBEILEH: I believe, Your Honor, it's my understanding from the statute that it is up to the prosecutor to prove by clear and convincing evidence if they want for Mr. Rocha or anybody in Mr. Rocha's situation to be classified as a sexual predator. Given the nature of this case, it is a serious offense. I do understand he has a great chance of being classified as a sexual predator, and I believe any information we could get that could possibly get him classified into another category would be of great help to us. It's my understanding from the statute we do have the right to a hearing. And I, unfortunately, can't even do a hearing because I don't even have any information from which to do a hearing."
The trial court denied the request for a continuance and forced appellant to proceed without any evidence to present to show why a lesser classification than sexual predator should be assigned to him.
The state presented evidence that appellant was convicted of a sexually oriented offense. The prosecutor then asked the court a series of questions such as: "So the Court's aware of Mr. Rocha's age. The Court's aware, I presume, of any prior offenses Mr. Rocha may have?" To each such question, the trial court responded "Yes."
Appellant's counsel then addressed the court, saying in part:
 "The Court knows Mr. Rocha's prior record. Basically, he had little to nothing until he appeared in front of this Court for — it was basically a drug offense that he's now serving time on. I believe he served eleven months. It wasn't a very serious drug offense. It was a felony, but it wasn't involving crack cocaine. It was involving marijuana. And, you know, obviously we were able to work that matter out. He's serving eleven months on that.
 "He has nothing here showing anything with any previous sex offenses. There was no — it was asked whether or not there were drugs used on the victims. There was no drugs, no force. The way this was initially indicted was yes, it was rape under 13. But there was no force, no thereat of force. No mention of that was made anywhere in the initial indictment. We're pleading to one of the charges as it stands.
 "Mr. Rocha's schooling is limited. I'm sure the Court notes that. His reading and writing abilities are limited. Again, I think all of these factors are important in having us, again, have maybe somebody, psychologist or somebody, speak with Mr. Rocha who could give us hopefully some kind of understanding from their point of view of whether or not they think he would commit again or not commit one of these offenses again.
 "I think, given the situation, considering his age, etcetera, this has never been an issue previously. He has no prior sexual offenses at all, one prior felony that the Court is aware of. I think, given those factors, he does not fit in the sexual predator definition. Given that, it would then stand to reason the next thing on the list is sexually oriented offender. He doesn't fit habitual sexual offender because, again, he hasn't — he has no past record with this.
 We're requesting that the Court consider classifying him as a sexually oriented offender. Thank you."
The prosecutor then presented some further argument. The trial judge said:
 "I have considered the pre-sentence report, all the evidence before me and the statute. And without being exactly specific, which I always find dangerous, I find that Defendant has met more than one of the requirements under the statute to be designated as a sexual predator. Therefore, we shall make that designation."
R.C. 2950.09(B) (1) provides, in pertinent part:
 "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender."
In addition, before a court can rule that a defendant should be assigned the classification of sexual predator there must be clear and convincing evidence: 1) that the defendant is convicted of or has pleaded guilty to committing a sexually oriented offense; and 2) that the defendant is likely to engage in the future in one or more sexually oriented offenses. See R.C. 2950.01(E). When deciding what classification will be assigned to an offender, the court must consider all relevant factors, including, but not limited to the factors listed in R.C.2950.09(B)(2).
The trial court made some attempt to consider the factors listed in R.C. 2950.09(B)(2). However, the court prevented appellant from getting a psychological evaluation and report from the Court Diagnostic and Treatment Center and from presenting testimony regarding that evaluation and report at the hearing. In this case, due to no previous history of sexual offenses in appellant's past, the testimony appellant sought to present was relevant to his argument that he did not meet both requirements for the definition of a sexual predator. There is not enough evidence in the record in the form of trial transcripts, victim statements, and/or pre-sentence reports, to show that enough factors listed in R.C. 2950.09 (B)(2) exist or that the second part of the definition of a sexual predator is met in this case. See State v. Cook (1998), 83 Ohio St.3d 404,425-426; State v. Thompson (Apr. 1, 1999), Cuyahoga App. No. 73492, unreported ("there may be cases where the use of expert testimony, whether such testimony is psychiatric, psychologic, or criminologic, may be useful in supplementing the bare facts of a conviction."). The trial court should have granted a continuance to permit appellant to get the information he sought. Appellant is entitled to a new hearing, pursuant to R.C. 2905.09(A) to determine what classification should be assigned to him. Appellant's sole assignment of error is well-taken.
The judgment of the Lucas County Court of Common Pleas finding appellant guilty of one count of rape and sentencing him to serve five years in prison is affirmed. The judgment of the trial court that appellant is a sexual predator is reversed, and this case is remanded so that appellant can receive an evaluation and report from the Court Diagnostic and Treatment Center before the trial court holds a new hearing to determine what classification should be assigned to appellant pursuant to R.C.2950.09(A). Costs to appellee.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 James Sherck, J.
 Richard W. Knepper, J.
CONCUR.